JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17    3664

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW R. PERRONG
1657 The Fairway, Jenkintown, PA 19046

(b) County of Residence of First Listed Plaintiff: MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
ANDREW R. PERRONG (PRO SE)
1657 The Fairway, Jenkintown, PA 19046

## DEFENDANTS
TranzVia LLC
1209 ORANGE ST. WILMINGTON, DE 19801

County of Residence of First Listed Defendant: New Castle
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
☒ 890 Other Statutory Actions

## V. ORIGIN
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 U.S. Code § 227 et seq., and 47 C.F.R. § 64.1200 et seq.

Brief description of cause:
Defendants called Plaintiff on his private telephone in violation of the FTCPA and related claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 45,000.00
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE: 08/14/2017
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

AUG 14 2017

17-3664

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1657 The Fairway #131 Jenkintown, PA 19046

Address of Defendant: 1209 ORANGE ST. WILMINGTON, DE 19801

Place of Accident, Incident or Transaction: By phone call to my private telephone.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☑

Does this case involve multidistrict litigation possibilities?    Yes☐    No☑

*RELATED CASE, IF ANY:*
Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐    No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐    No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐    No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐    No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) Federal Telephone Consumer Protection Act

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Andrew Perrong, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 8/14/2017    Andrew Perrong    PLAINTIFF PRO SE
Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/14/2017    Andrew Perrong    PLAINTIFF PRO SE
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ANDREW PERRONG | : | CIVIL ACTION |
| v. | : | |
| TranzVia, LLC Et al. | : | NO. **17  3664** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

| 8/14/2017 | Andrew Perrong | PLAINTIFF PRO SE |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-791-6957 | 888-329-0305 | ANDYPERRONG@GMAIL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>    Plaintiff,<br>   vs.<br><br>TRANZVIA, LLC ("TRANZVIA")<br>1209 ORANGE ST.<br>WILMINGTON, DE 19801,<br><br>PAUL NEE, Individually and as<br>CEO / President / Principal of TRANZVIA,<br>5000 WHITESTONE LN APT 1423<br>PLANO, TX 75024,<br><br>ARRIS HOLDINGS, INC. ("ARRIS")<br>16192 COASTAL HWY<br>LEWES, DE 19958,<br><br>GORDON ROSE, Individually and as<br>CEO / President / Principal of ARRIS<br>274 SEAB GREEN RD<br>CEDARTOWN, GA 30125<br><br>and<br>DOES 1 through 100, inclusive,<br><br>    Defendants. | Civil Action<br>No. 17   3664<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

  Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of TRANZVIA, LLC ("COMPANY"), PAUL NEE, Individually and as Chief Executive Officer of TRANZVIA. ("NEE"), GORDON ROSE, Individually and as CEO /

1

President / Principal of ARRIS HOLDINGS, INC ("ROSE"), ARRIS HOLDINGS, INC. ("ARRIS"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") without an opt-out mechanism, caller ID spoofing, and other claims, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq,* and related claims that form part of the same claim or controversy and/or under 28 U.S.C. § 1367(a) ("Supplemental" Jurisdiction). Plaintiff demands a trial by jury, and complains and alleges as follows:

## I. Introduction

1. Defendant TRANZVIA, LLC ("Company") is a corporation incorporated in the State of Delaware that markets and sells, *inter alia,* credit card processing services to individuals and businesses throughout the United States. Its address for service of process is located 1209 ORANGE ST. WILMINGTON, DE 19801.

2. Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which it markets its products and services, illegal RoboCalls, illegal lack of opt-out mechanism, illegal caller ID spoofing, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II. Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that

Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to telephone numbers registered in this judicial district. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

### III.    Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant TRANZVIA, LLC ("Company") is a corporation incorporated in the State of Delaware that markets and sells, *inter alia,* credit card processing services to individuals and businesses throughout the United States. Its address for service of process is located 1209 ORANGE ST. WILMINGTON, DE 19801. Company has been in existence for a number of years and transacts business in, *inter alia*, Montgomery County, Pennsylvania, which lies within this Judicial District.

8. Defendant PAUL NEE ("NEE") is an adult individual who is the President / CEO / Principal of Company, and upon information and belief is the Company's Primary Owner. NEE is an adult individual and citizen of the United States. As Chief Executive Officer of Company,

3

NEE is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Texas, Delaware, Arizona, Georgia, and nationwide.

9. Defendant ARRIS HOLDINGS, INC. ("ARRIS") is a corporation incorporated in the State of Delaware that markets and sells, *inter alia,* telemarketing services to TRANZVIA. ARRIS reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Texas, Delaware, Arizona, Georgia, and nationwide.

10. Defendant GORDON ROSE ("ROSE") is an adult individual who is the President / CEO / Principal of ARRIS. ROSE is an adult individual and citizen of the United States. As Chief Executive Officer of ARRIS, ROSE is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in ARRIS's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Texas, Delaware, Arizona, Georgia, and nationwide.

11. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

12. At all times herein mentioned, Company, NEE, ROSE, ARRIS, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such

agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

14. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## IV.    Factual Allegations

15. In or about June 13th, 2017, Plaintiff received the first of multiple "robocall" solicitations by Defendants and/or their agents at Plaintiff's personal telephone, 610-626-7800. Plaintiff had not consented to this solicitation.

16. The unsolicited telephone call was placed to Plaintiff's personal telephone number and utilized an "artificial or prerecorded voice" or "robocall," to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

17. Plaintiff pays per minute for each incoming and outgoing call on his telephone as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

18. Plaintiff's telephone number was on the Federal Do-Not-Call registry for over 31

days prior to this illegal unsolicited phone call, per FTC Rules.

19. The "Robocall" played a prerecorded message from "Better Merchant Services" and was addressed to a "garage door contractor" and played a prerecorded advertisement for credit card processing services. Plaintiff is not a contractor, and googled the name "Better Merchant Services" and could not find a company by that exact name. Plaintiff therefore left his name and number to discover the identity of the caller and for no other reason.

20. Furthermore, this "robocall" sent the "spoofed" caller ID of 202-866-7259 and name of "GIP TECH" to duck liability under the TCPA and conceal the actual identity of the caller.

21. As a result of this call, Plaintiff received a call back from "Brandon Arvizu" at TranzVia on June 14. Plaintiff does not sue for this call presently, but reserves the right to amend the complaint to sue for this call.

22. Per a 2015 FCC order, consent to receive "robocalls", such as those received by Plaintiff, may be revoked by "any reasonable means." The FCC, in the order, said, "Consumers have a right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example,… directly in response to a call initiated or made by a caller… among other possibilities. We find that in these situations, callers typically will not find it overly burdensome to implement mechanisms to record and effectuate a consumer's request to revoke his or her consent." Despite this simple request, Plaintiff received even more calls.

23. Despite sending an email June 14 to Mr. Arvizu, as well as Mr. Nee, the onslaught of the calls to 610-626-7800 continued on June 15, by way of another "robocall," this time from the spoofed caller ID "401-200-4338," and the fake name of "BRISTOL RI," with content of this call almost identical as the first.

24. The calls continued, this time to a different number of Plaintiff, 215-474-7800 once on June 30 from the spoofed caller ID "351-444-0129" and "BETTER MERCHANT," once on July 3 from the spoofed caller ID "810-202-8911" and "BETTER MERCHANT," and once on July 11 from the spoofed caller ID "518-241-5481" and "BETTER MERCHANT." All of these calls were robocalls as well and played essentially the same messages and format as the first calls.

25. To make doubly sure that these calls were coming from TranzVia, Plaintiff on July 3 provided his contact information, and shortly thereafter received another call from another agent of TranzVia, wherein, during that call, Plaintiff re-iterated his requests to be placed on TranzVia's and their agents' DNC list and receive a copy of their DNC policy.

26. The calls bore spoofed caller ID numbers, clearly misidentified that they were placed by TranzVia, were clearly for commercial purposes, clearly were pre-recorded, did not include an opt-out mechanism, and were telemarketing in nature.

27. TRANZVIA and NEE are vicariously liable for the calls under the apparent authority standard of vicarious liability as ROSE and ARRIS grant Company (1) access to information and systems and (2) the ability of Company to enter consumer information into shared databases. TRANZVIA and NEE are also vicariously liable under the ratification standard of vicarious liability, as they ratified and acquiesced to the activity of ROSE and ARRIS in making the calls.

28. Company refused numerous written requests to provide a copy of Company's Do-Not-Call policy and to be placed on Company's Do-Not-Call list, Plaintiff still has yet to receive confirmation of either as of the time of the filing of this suit.

29. Plaintiff received the call on his private telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

30. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

31. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "artificial or prerecorded voice" to transmit a message or make calls.

32. The telephone Sales Calls therefore violated various portions of 47 U.S.C. § 227 and 47 CFR 64.1200, as more fully outlined in the Causes of Action set forth below

## Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

33. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

34. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

36. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

37. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

38. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

39. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

40. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

41. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

42. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

43. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

44. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Opt-Out Mechanism"
Requirement, 47 CFR 64.1200 (b)(3))

45. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

46. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200 (b)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Opt-Out Mechanism" Requirement, 47 CFR 64.1200 (b)(3))

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200 (b)(3), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Caller ID Spoofing"
Prohibition, 47 U.S.C. § 227 et seq.)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.

§ 227(e), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Tenth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

56. As a result of Defendants' and Defendants' agents knowing and/or willful violations

11

of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Eleventh Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

57. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

58. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Twelfth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

59. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

60. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Thirteenth Cause of Action
(Negligence)

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

62. Defendants and Defendants' agents violated their duty of care to intended

recipients of their telephone sales solicitations by, *inter alia*, breaching the statutory prohibitions against lack of opt-out mechanism, caller ID spoofing, robocalling, and maintenance of a do-not-call list and policy. Plaintiff suffered damages due to Company's violation of its duty that caused Plaintiff to answer a telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

### Fourteenth Cause of Action
(Trespass to Chattel)

63. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

64. Defendants and Defendants' agents conduct of telemarketing, caller ID spoofing, robocalling, and lack of opt-out mechanism constituted an electronic trespass to Plaintiff's private telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

65. At no time did Plaintiff consent to this trespass.

66. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### Fifteenth Cause of Action
(Conversion)

67. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

13

68. Defendants and Defendants' agents conduct of telemarketing, caller ID spoofing, robocalling, and lack of opt-out mechanism constituted a conversion of Plaintiff's private telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

69. Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

70. At no time did Plaintiff consent to this conversion.

71. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### Sixteenth Cause of Action
(Fraud)

72. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

73. Defendants and Defendants' agents made the willful and knowingly false statements to Plaintiff of transmitting false caller identification information, calling themselves "Total Merchant Services", and concealing company identity, when Defendants made their "RoboCall"/Sales Calls to Plaintiff's private telephone. Plaintiff suffered damages due to reliance on Defendants' false statements as Plaintiff answered telephone calls that he otherwise

14

would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### V.    Prayer for Relief

On Causes of Action 1-12:

1. For awards of $500 for each negligent violation as set forth in actions 1-12;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-12.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$45,000** (Five counts each of: sales call to a number on the DNC registry, "robocall", lack of opt-out mechanism, caller ID spoofing, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, with treble damages for each.)

For Causes of Action 13-16:

4. Compensatory, general, incidental, and consequential damages according to proof;

5. Punitive and special damages according to proof;

For All Causes of Action:

6. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

7. Prejudgment interest at the maximum legal rate;

8. Costs of suit herein incurred; and

9. All such other and further relief as the Court deems proper.

## VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: 8/14/2017

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

16