UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>Plaintiff,<br>vs.<br><br>TRANZVIA, LLC ("TRANZVIA")<br>1209 ORANGE ST.<br>WILMINGTON, DE 19801,<br><br>*Et. Al.*<br><br>Defendants. | Civil Action<br>No. 17-3664<br><br><br><br>Jury Trial Demanded |

## MOTION FOR CLERK'S DEFAULT JUDGEMENT PER RULE 55(b)(1)

Comes now Andrew Perrong and requests the Clerk of Court, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, for entry of a judgment by default against the defendant GORDON ROSE. In support of this request, relies upon the record in this case and the affidavit submitted herein.

**Dated: 9/12/2017**

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>Plaintiff,<br>vs.<br><br>TRANZVIA, LLC ("TRANZVIA")<br>1209 ORANGE ST.<br>WILMINGTON, DE 19801,<br><br>Et. Al.<br><br>Defendants. | Civil Action<br>No. 17-3664<br><br><br><br>Jury Trial Demanded |

## AFFIDAVIT IN SUPPORT OF

## CLERK'S DEFAULT JUDGEMENT PER RULE 55(b)(1)

I, ANDREW R. PERRONG, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1. I am the plaintiff pro-se in this action.

2. The summons and complaint were duly served upon defendant GORDON ROSE on August 21st, 2017.

3. No response has been served within the time allowed by law nor has defendant sought additional time from the court within which to respond.

4. Default has been entered against the defendant on September 12, 2017.

5. The claim of the plaintiff is for the sum of $45,000 plus interest from the date of judgment as provided by law, together with the costs of this action. The damages requested are statutory in nature and capable of being calculated as follows:

1

a. Five "robocalls" in violation of 47 U.S.C. § 227(b)(1)(A), which carries a minimum statutory penalty of $500 per call pursuant to 47 U.S.C. § 227(b)(3)(B), which are trebled pursuant to 47 U.S.C. § 227(b)(3).

b. Five "sales calls" to a number on the National Do Not Call registry in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), which carries a minimum statutory penalty of $500 per call pursuant to 47 U.S.C. § 227(c)(5)(B), which are trebled pursuant to 47 U.S.C. § 227(c)(5).

c. Five instances of "lack of opt out mechanism" in violation of 47 CFR 64.1200(b)(3), which carries a minimum statutory penalty of $500 per call pursuant to 47 U.S.C. § 227(c)(5)(B), which are trebled pursuant to 47 U.S.C. § 227(c)(5).

d. Five instances of "caller ID spoofing" in violation of 47 U.S.C. § 227(e), which carries an implied minimum statutory penalty of $500 per call pursuant to 47 U.S.C. § 227(c)(5)(B), which are trebled pursuant to 47 U.S.C. § 227(c)(5).

e. Five refusals to put plaintiff on defendant's "do not call list" in violation of 47 CFR 64.1200(d)(3), which carries a minimum statutory penalty of $500 per call pursuant to 47 U.S.C. § 227(c)(5)(B), which are trebled pursuant to 47 U.S.C. § 227(c)(5).

f. Five refusals to provide plaintiff defendant's "do not call policy" in violation of 47 CFR 64.1200(d)(1), which carries a minimum statutory penalty of $500 per call pursuant to 47 U.S.C. § 227(c)(5)(B), which are trebled pursuant to 47 U.S.C. § 227(c)(5).

g. Damages are thus calculated at $45,000 total as such: $7,500 for count (a), $7,5000 for count (b), $7,500 for count (c), $7,500 for count (d), $7,500 for count (e), and $7,500 for count (f).

6. For the foregoing reasons, Plaintiff moves the Clerk of Court to enter judgement against defendant GORDON ROSE in the amount of $45,000, plus interest and costs, pursuant to Federal Rules of Civil Procedure Rule 55(b)(1), since the judgement is for a certain sum.

**FURTHER AFFIANT SAYETH NAUGHT**

Commonwealth of Pennsylvania, County of

_____Bucks_____

Before me, the undersigned notary public, this day appeared

_____Andrew Perrong_____

to me known, who being duly sworn according to law, deposes the above.

Subscribed and sworn to before me this __12th__ day of __September__, 20 __17__.

_____
Notary Public

NOTARIAL SEAL
ALINA PUSKELNIK, NOTARY PUBLIC
UPPER SOUTHAMPTON TOWNSHIP
BUCKS COUNTY
MY COMMISSION EXPIRES 02-12-2020

Andrew Perrong
Plaintiff Pro-Se
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>Plaintiff,<br>vs.<br><br>TRANZVIA, LLC ("TRANZVIA")<br>1209 ORANGE ST.<br>WILMINGTON, DE 19801,<br><br>*Et. Al.*<br><br>Defendants. | Civil Action<br>No. 17-3664<br><br><br><br><br><br><br><br>Jury Trial Demanded |

### CLERK'S DEFAULT JUDGEMENT PER RULE 55(b)(1)

The defendant, GORDON ROSE, having failed to plead or otherwise defend in this action, and default having been entered; upon application of plaintiff and upon affidavit that defendant is indebted to plaintiff in the principal sum of $45,000 plus interest thereon; that defendant defaulted for failure to appear pursuant to Rule 55(a) of the Federal Rules of Civil Procedure; and that the claim is for a sum certain or for a sum which can by computation be made certain; it is hereby

ORDERED, ADJUDGED, and DECREED that plaintiff ANDREW R. PERRONG recover from the defendant, GORDON ROSE, the sum of $45,000 plus costs and interest according to law from the date of this judgment until the entire amount is paid, AND FOR WHICH SUM LET EXECUTION ISSUE.

**This judgment is entered by the Clerk at the request of the plaintiff and upon affidavit that said amount is due, in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure.**

1

Dated: 9/12/2017

_____
*Kate Barkman,* **Clerk of Court (or deputy)**